**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ANTONIO L. JONES** | **CIVIL ACTION NO. 3:26-1413** |
| | **SECTION P** |
| **VS.** | **JUDGE TERRY A. DOUGHTY** |
| **MOREHOUSE PARISH JAIL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Antonio L. Jones, a prisoner at Morehouse Parish Jail ("MPJ") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 1, 2026, under 42 U.S.C. § 1983. He names the following Defendants: MPJ, Lieutenant Pentiton, Security Partners, Warden Wilith, and Lieutenant Taylor.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that there is an unacceptable amount of black mold on food trays, windows, ceilings, and walls at MPJ. [doc. # 1, pp. 5-6]. He states that black mold has caused "most if not all" inmates to be sick. *Id.* at 5. He states that Security Partners "is the company that prepares the meals" at MPJ. [doc. # 9, p. 1]. He "wrote Warden Wilith and Lt. Taylor about the [mold] matter[,]" but he states that they do not care and that black mold remains "all around the dorm." *Id.*

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Next, Plaintiff states that in late December 2025, a water pipe burst, flooded the area, and caused him to panic and "attempt to get out of the way as fast as possible." [doc. # 1, p. 5]. He exited his top bunk and landed on his back on the floor, injuring his back, knee, hip, and shoulder. *Id.* Sergeant Prine called Lieutenant Pentiton, the head nurse, who instructed Prine to put Plaintiff back in the dorm or in lockdown unless he was bleeding or had a broken bone. [doc. # 9, p. 1]. Plaintiff claims that "they didn't take [him] to the doctor or anything." [doc. # 1, p. 5]. However, Plaintiff did see Nurse Pentiton the next day, who gave him a pain pill and a muscle relaxer. [doc. # 9, p. 1]. Plaintiff states that the medication did not help and that he is still in pain. *Id.*

For relief, Plaintiff seeks: (i) a blood test to determine if he has any illness from exposure to mold; (ii) health visits; (iii) any medication he may need in the future if he becomes ill from black mold; (iv) a doctor visit and an x-ray for his neck, back, and shoulder pain; and (v) compensation if he becomes ill from the black mold.

## **Law and Analysis**

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the

same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

As above, Plaintiff seeks compensation for exposure to black mold.

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. #s 1, p. 2; 1-2]. In addition, with respect to his claim of exposure to mold he seeks monetary compensation for only mental, emotional, and de-minimis physical injuries he suffered while in custody. He does not claim that he suffered any physical injury; rather, he seeks medical evaluations or tests to determine *if* has contracted any illness from the mold.

Overall, Plaintiff does not plausibly allege that he suffered any physical injuries from the mold exposure before he filed this proceeding or that he suffered any other injury or damage compensable by monetary relief. Accordingly, the Court should dismiss Plaintiff's request for compensatory relief with respect to his claim of mold exposure.

**3. Standing**

Plaintiff seeks medical care to determine if he has any illnesses from the mold exposure.

"A litigant seeking redress in federal court must show that he has standing to pursue his claims." *Adams v. Pearl River Valley Water Supply Dist.*, 2022 WL 2829756, at *3 (5th Cir.

July 20, 2022). "Litigants must also demonstrate standing with respect to the *type* of relief they seek." *Id.*

"To have Article III standing, a plaintiff must show an injury in fact that is fairly traceable to the challenged action of the defendant and likely to be redressed by the plaintiff's requested relief. Courts have divided this rule into three components: injury in fact, causation, and redressability." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (internal footnotes omitted).

"Requests for injunctive and declaratory relief implicate the intersection of the redressability and injury-in-fact requirements. The redressability requirement limits the relief that a plaintiff may seek to that which is likely to remedy the plaintiff's alleged injuries. Because injunctive and declaratory relief cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury. That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact. To be an injury in fact, a threatened future injury must be (1) potentially suffered by the plaintiff, not someone else; (2) concrete and particularized, not abstract; and (3) actual or imminent, not conjectural or hypothetical. The purpose of the requirement that the injury be 'imminent' is to ensure that the alleged injury is not too speculative for Article III purposes. For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur." *Id.* (internal footnotes, quotation marks, and quoted sources omitted).

Here, Plaintiff does not present a continuing injury or a concrete and particularized imminent threatened future injury. Rather, he seeks an injunction (medical care) to determine if

he has any injury from mold exposure. He fears that he might contract an illness, but his fear is speculative; he does not describe imminent injury or a substantial risk that an injury will occur.[3]

Even assuming Plaintiff's exposure to mold is his purported injury, he does not establish that his requested relief—medical testing and treatment—will redress his injury. "To establish redressability, a plaintiff must show a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact." *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 451 (5th Cir. 2022). Providing a medical evaluation or "any medication that may be needed in the future" to Plaintiff will not remedy his alleged exposure to mold.[4] [doc. # 1, p. 6].

Plaintiff lacks standing to seek medical treatment for relief for ongoing exposure to mold. As he does not seek any other cognizable relief for his mold exposure claim,[5] the Court should dismiss it.

**4. Medical Care for Fall**

Plaintiff fell from his bunk at night and injured his back, knee, hip, and shoulder. He suggestively claims that Lieutenant Pentiton, the head nurse, refused him care the same night and instead instructed a sergeant to put Plaintiff back in the dorm or in lockdown unless he was bleeding or had a broken bone. Plaintiff received medical care the next day, including a nurse

---

[3] *See Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308 (5th Cir. 1997) (plaintiff lacked standing to seek injunctive relief because there was no threat of present or future harm); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (denying injunctive relief when plaintiff could not show that she suffered any continuing harm or that there was a real or immediate threat of recurring harm); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (speculative future injury alone is not enough to warrant injunctive relief).

[4] Plaintiff does not claim that any defendant refuses to provide him medical testing to determine if he has any illness from the mold exposure.

[5] As above, the undersigned recommends dismissing Plaintiff's request for monetary compensation for his alleged mold exposure.

visit, a pain pill, and a muscle relaxer. But he maintains that the medication did not help and that he remains in pain.

To plead a constitutional violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (*quoting Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824

(5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff simply disagrees with the treatment he received. The day after he fell, a nurse treated him, providing pain medication and a muscle relaxer. *See Petzold v. Rostollan*, 946 F.3d 242, 250 (5th Cir. 2019) ("[B]ecause medical treatment was provided, even if it was . . . based on a perfunctory and inadequate evaluation, it was not denied."); *Adams v. Fuller*, 2022 WL 17250191, at *1 (5th Cir. Nov. 28, 2022) ("[T]he medical records are replete with notes of sick calls, examinations, and diagnoses related to his ear, which further rebut his allegations of deliberate indifference."); *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) ("There is no . . . claim just because an inmate believes that medical personnel should have attempted different diagnostic measures or alternative methods of treatment.").

Plaintiff suggests that he did not receive medical care immediately during the night of his fall. However, he does not allege that the brief delay in receiving treatment caused him substantial harm.

Plaintiff maintains that he continues to suffer from pain from his fall even after receiving medical care. But he does not claim that he requested further medical treatment for his pain and that any particular defendant responded with deliberate indifference. Nor does he allege that he informed any defendant that his injuries "dramatically increased in severity" after he received treatment, such that a defendant "would have effectively denied or delayed treatment for a new injury not previously treated . . . ." *See Petzold v. Rostollan*, 946 F.3d 242, n. 42 (5th Cir. 2019).

The Court should dismiss this claim.

## <u>Recommendation</u>

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Antonio L. Jones's

request for medical care for his conditions of confinement claim be **DISMISSED WITHOUT PREJUDICE** for lack of standing.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge